UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KARLEEN K. LEE,                                                         :
                                                                        :
                        Plaintiff,                                      :
                                                                        :    24-CV-5890 (JMF)
            -v-                                                         :
                                                                        :    MEMORANDUM OPINION
UBER TECHNOLOGIES et al.,                                               :    AND ORDER
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On August 2, 2024, Plaintiff filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 1 ("Complaint"), ¶ 5.  Diversity jurisdiction, however, extends only to cases in which there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a), and "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Here, the Complaint contains two apparent defects.

      First, the Complaint includes only the bare conclusory allegations that "[t]he amount in controversy exceeds $75,000," that Plaintiff "sustained economic loss greater than basic economic loss as defined" by New York Insurance Law § 5102(a), and that Plaintiff "suffer[ed] loss in the excess of the jurisdictional limits" of New York State's lower courts.  *See* Complaint ¶¶ 7, 25.  There is reason to believe that those allegations do not suffice for diversity jurisdiction.  *See, e.g.*, *Sanders v. New York Times*, No. 23-CV-2105 (LTS), 2023 WL 3724818, at *4 (S.D.N.Y. May 30, 2023); *Pucha v. Peters*, No. 23-CV-4113(DLI)(SJB), 2023 WL 6121797, at *3 (E.D.N.Y. Sept. 19, 2023); *Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947, at *3 (S.D.N.Y. Aug. 1, 2019); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 157 (D. Conn. 2016); *Union Mut. Fire Ins. Co. v. Morningstar Richmond LLC*, No. 23-CV-5246(DLI)(JAM), 2023 WL 8003333, at *2 (E.D.N.Y. Nov. 17, 2023); *see also Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (summary order) (affirming dismissal for lack of subject matter jurisdiction where the "allegation in [the plaintiff's] complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth"); *Kimm v. KCC Trading, Inc.*, 449 Fed. App'x. 85, 85-86 (2d Cir. 2012) (summary order) (affirming dismissal for lack of subject matter jurisdiction where plaintiff only "alleged generally that th[e] . . . amount in controversy exceed[ed] $75,000").

      Second, the Complaint pleads that Defendant UBER USA, LLC is a citizen of "either California or Delaware" based on its place of incorporation and principal place of business.  *See* Complaint ¶¶ 4, 6.  But it is well established that a limited liability company ("LLC") is deemed

to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members).  Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015).  In the present case, the Complaint fails to affirmatively plead the citizenship of each member of Defendant UBER USA, LLC.

Accordingly, no later than **August 19, 2024**, Plaintiff shall file an amended complaint properly alleging the citizenship of each party to this action.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: August 12, 2024
New York, New York

JESSE M. FURMAN
United States District Judge